IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES LEE PRITCHETT,
    Petitioner,

vs.                              Case No. 3:10cv422/RV/CJK

UNITED STATES OF AMERICA,
    Respondent.

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the Court upon petitioner's amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 4). Respondent filed a response, submitting relevant administrative records. (Docs. 15, 17). Petitioner replied. (Doc. 18). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner is not entitled to federal habeas relief, and that the amended petition should be denied.

BACKGROUND AND PROCEDURAL HISTORY

    Petitioner is a state prisoner currently confined in a state correctional facility serving a sentence for Lewd or Lascivious Battery imposed by the Circuit Court for Escambia County, Florida in Case Number 03-CF-6088. (Doc. 4, pp. 1, 3-B). Petitioner is challenging the Federal Bureau of Prison's ("BOP") administration of

his federal sentence imposed by this Court in *United States v. Pritchett*, Case Number 3:03cr114/RV. Petitioner was convicted in Case No. 3:03cr114 of Possession of a Firearm by a Convicted Felon (Count 1), and Possession of a Firearm with a Removed, Obliterated, or Altered Serial Number (Count 2). Petitioner was sentenced on April 8, 2004, to 211 months imprisonment on Count 1 and a concurrent 60-month term of imprisonment on Count 2, followed by supervised release. (Doc. 4, Ex. 1). At the time of petitioner's federal sentencing, petitioner was under the primary jurisdiction of Florida state authorities, awaiting prosecution on state charges (the Lewd or Lascivious Battery charge and probation violation charges). (*Id.*, pp. 3-A, 3-B). Petitioner was produced for his appearance in this Court on a Writ of Habeas Corpus ad Prosequendum. (*Id.*, p. 3-A). During the federal sentencing proceeding, petitioner's trial counsel asked the sentencing judge (District Judge Vinson) if he would recommend that petitioner be allowed to serve his federal sentence in a state facility. (*Id.*, Ex. 2). Judge Vinson responded that petitioner had not been sentenced on the pending state charges, and that "in the absence of a sentence, we don't even know if he's gonna be sentenced to incarceration. . . . I think that's gonna be up to the state judge, whatever they want to do. I don't think I can do that right now." (*Id.*, Ex. 2, pp. 18-19). Defense counsel followed up with a request that Judge Vinson make a designation recommendation after the state court imposed sentence, to which Judge Vinson responded, "I don't think we can deal with it right now." (*Id.*, p. 19). Petitioner's federal Judgment and Commitment Order is silent as to whether petitioner's federal sentence is to run consecutive or concurrent to any state sentence. (*Id.*, Ex. 1). Following sentencing, petitioner was returned to Escambia County, Florida in satisfaction of the Writ.

On January 13, 2005, petitioner was convicted of Lewd or Lascivious Battery

in Escambia County Circuit Court Case Number 03-6088, and sentenced to fifteen years imprisonment. (Doc. 4, Ex. 4). Petitioner's state court judgment is silent as to whether petitioner's state sentence is to run consecutive or concurrent to petitioner's federal sentence. (*Id*.). The state court judgment provides only that petitioner's state sentence shall run concurrent with "any State Prison sentence now serving or about to serve." (*Id*.). As it now stands, petitioner is serving his 15-year state sentence. Petitioner's federal sentence has not begun to run. Petitioner seeks a *nunc pro tunc* designation of a state prison facility for service of his federal sentence, so that he may serve his state and federal sentences concurrently. (Doc. 4, pp. 3, 3-C, 6).

The BOP, upon receipt of petitioner's § 2241 petition, sent a letter to District Judge Vinson soliciting his position on a retroactive concurrent designation. (Doc. 13, Ex. 1). On March 29, 2011, Judge Vinson responded:

> The defendant was not arrested on the state [sexual battery] charges until December 22, 2003, which was almost two weeks after the initial disclosure of his federal presentence report. Therefore, at the time of his federal court sentencing, neither the U.S. Probation Office nor I had any knowledge of his pending state sexual assault charges. His state conviction was, of course, over nine months after I sentenced him.
>
> After careful review of all the factors in the defendant's case, as well as the case file, I conclude that Mr. Pritchett's sentence should commence after his release from state custody, on December 18, 2018.
>
> My decision is based on the fact that each case is s separate harm committed by the defendant. There is no apparent connection between the two cases. If Mr. Pritchett receives credit for time served during his state period of incarceration, that would essentially nullify the federal sentence. In addition, the state court was silent on a concurrent or consecutive sentence with regard to the federal case.

(Doc. 17, Ex. 1). After receiving Judge Vinson's response, the BOP finalized its

review of petitioner's request for *nunc pro tunc* designation, and denied the request. (*Id*.).

## DISCUSSION

The Attorney General, through the BOP, is responsible for administering a federal defendant's sentence and possesses the exclusive authority for designating the place of the prisoner's imprisonment. 18 U.S.C. § 3621(b). Section 3621(b) provides:

> The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . that the Bureau determines to be appropriate and suitable, considering –
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence –
>
> > (A)  concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> >
> > (B)  recommending a type of penal or correctional facility as appropriate; and
>
> (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" designated by the BOP. 18 U.S.C. § 3585(a); *see also* 18 U.S.C. § 3568 ("The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such

person is received at the penitentiary, reformatory, or jail for service of such sentence."). Thus, when a federal defendant is already serving a state sentence, the BOP has the practical power to "make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence." *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000).

To guide its exercise of discretion, the BOP promulgated Program Statement 5160.05 in January of 2003. The Program Statement (hereinafter "PS 5160.05") is entitled "Designation of State Institution for Service of Federal Sentence." PS 5160.05 authorizes BOP Regional Directors to act on an inmate's request for *nunc pro tunc* designation of a state institution as the place to serve the inmate's federal sentence. Paragraph 8 declares that such a designation "will be made only when it is consistent with the intent of the federal sentencing court or with the goals of the criminal justice system." The Program Statement further provides, in paragraph 9(b): "Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent." The court's intent may be discerned by (1) the federal sentencing court's order on the Judgment and Commitment Order, (2) the federal sentencing court's recommendation of non-federal confinement on the Judgment and Commitment Order, (3) the federal sentencing court's order, after imposition of sentence, of concurrent service of the federal sentence, (4) the federal sentencing's court's indication that it has no objection to the inmate's request for a *nunc pro tunc* concurrent designation, or (5) the federal sentencing court's indication that it has no objection to the state's request that the federal and state sentences be served concurrently.

Although the BOP must consider a prisoner's request for concurrent service of

sentences ,it is not obligated to grant the request. *See Barden V. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990) (holding that the decision to grant *nunc pro tunc* relief is within the discretion of the BOP); *McCarthy v. Doe*, 146 F.3d 118, 122 (2d Cir. 1998) (same). The interpretation of a statute by the agency charged with administering it is entitled to some deference, so long as its interpretation is not clearly erroneous or contrary to law or the Constitution. *Reno v. Koray*, 515 U.S. 50, 60, 115 S. Ct. 2021, 132 L. Ed. 2d 46 (1995). The standard of review of the BOP's actions in denying petitioner's request for *nunc pro tunc* designation is limited to determining whether the BOP abused its substantial discretion. *Fegans v. United States*, 506 F.3d 1101, 1103 (8th Cir. 2007) (holding that § 3621(b) "provides the BOP with broad discretion to choose the location of an inmate's imprisonment, so long as the factors enumerated in the statute are considered.") (internal quotation marks and citation omitted); *Espinoza v. Sabol*, 558 F.3d 83 (1st Cir. 2009) ("Most circuits consider that the district court's review of a BOP decision about credits is for abuse of discretion."); *McCarthy*, 146 F.3d at 123 (2nd Cir. 1998) (holding that the BOP is given broad discretion to grant or deny a request for *nunc pro tunc* relief after the request is given "full and fair consideration"). The BOP is presumed to follow the law and so it is petitioner's burden to show otherwise and to show that the BOP abused its discretion in denying petitioner's request. *See, e.g., Garner v. Jones*, 529 U.S. 244, 256, 120 S. Ct. 1362, 146 L. Ed. 2d 236 (2000) ("[W]e presume the Board [of Pardons and Paroles of Georgia] follows its statutory commands and internal policies in fulfilling its obligations."); *United States v. Aviles*, 623 F.2d 1192, 1198 (7th Cir. 1980) ("[T]he presumption of regularity attends official acts of public officers and the courts presume that their official duties have been discharged properly.").

In this case, the BOP carefully reviewed petitioner's request for *nunc pro tunc* designation by considering the relevant statutory factors and Judge Vinson's statement. The BOP denied petitioner's request based on the nature and circumstances of petitioner's federal and state offenses (the federal firearm possession offenses and the state sexual battery offense); petitioner's criminal history (a 1998 state conviction for aggravated battery, a 1999 state conviction for armed robbery, and a 2003 violation of probation for the armed robbery); Judge Vinson's objection to petitioner's federal sentence running concurrently with his state sentence, and Judge Vinson's recommendation that petitioner's federal sentence commence after petitioner's release from state custody. (Doc. 17, Ex. 1). The BOP acted in accordance with the Program Statement, and its decision cannot be reversed by this Court.

Petitioner argues that the BOP's denial is "based on incorrect factors," in that Judge Vinson's letter stated that petitioner was arrested on December 22, 2003, when in fact petitioner was arrested on July 30 2003. (Doc. 18, pp. 3-4 and n. 2). Petitioner also asserts that the BOP's denial improperly considered petitioner's probation violation as part of petitioner's criminal history, but petitioner later withdrew his plea to the violation. (*Id*., pp. 3-4). Petitioner's final point is that "it can be reasonably construed that the district court, in imposing sentencing, had the intentions to concurrently sentence Mr. Pritchett to his state sentences, but 'lacked' the power to do so." (*Id.*, pp. 4-5).

Petitioner's arguments are unavailing. Judge Vinson's reference to petitioner's December 22, 2003 arrest was to petitioner's arrest on the Lewd or Lascivious Battery charge. Petitioner was arrested on that charge on December 22, 2003. (*See* www.escambiaclerk.com, Case Number 03-CF-6088). The fact that petitioner was

earlier arrested on the probation violation charges does not render Judge Vinson's statement incorrect or the BOP's review under § 3621(b) clearly erroneous. (*See* www.escambiaclerk.com, Case Number 99-CF-424) (indicating that petitioner was arrested on the probation violation charges on or about July 30, 2003). Second, the BOP could properly deny petitioner's request for *nunc pro tunc* designation, even if petitioner withdrew his plea to the probation violation. Third, neither the BOP nor this Court can "reasonably construe" Judge Vinson's statements at sentencing and in his March 29, 2011 letter as indicating an intention that petitioner's federal sentences run concurrent with his state sentence, because Judge Vinson's letter clearly states the opposite intent – that petitioner's federal sentences run consecutive to the state sentence. The BOP did not abuse its discretion in denying petitioner's request for *nunc pro tunc* designation, and petitioner is not entitled to federal habeas relief. *See, e.g., Fegans*, 506 F.3d at 1104-06 (denying state prisoner's § 2241 petition seeking retroactive concurrent designation of his state and federal sentences; holding that the BOP "carefully considered the relevant factors and acted in accordance with the Program Statement."); *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72 (2nd Cir. 2005) (denying state prisoner's § 2241 petition claiming the BOP improperly denied *nunc pro tunc* designation which, if granted would have rendered prisoner's federal and state sentences concurrent by designating prisoner's state prison as his federal prison; holding that the BOP gave "full and fair consideration" to prisoner's request, and the decision whether to designate a facility as a place of federal detention "is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.") (internal quotation marks and citation omitted); *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) (denying § 2241 relief; holding that

BOP's refusal to exercise its discretion to treat prisoner's federal and state sentences, in effect, as concurrent by designating a state facility as the site for service of the federal sentence was neither arbitrary nor capricious, despite allegedly expressed wishes of state court that sentences be concurrent); *Harris v. Bureau of Prisons (BOP) Federal*, 787 F. Supp. 2d 350 (W.D. Pa. 2011) (denying § 2241 petition by state prisoner claiming that he was in custody in violation of federal law because the BOP calculated his sentences incorrectly; holding that the BOP did not abuse its discretion in denying prisoner's request for a retroactive concurrent designation, where BOP considered the factors set forth in § 3621(b), and the sentencing court had denied the prisoner's motion for retroactive concurrent designation).

Accordingly, it is ORDERED:

The Clerk shall mail a copy of this Report and Recommendation to petitioner's address of record (Suwannee Correctional Institution), and to petitioner's institutional address indicated on the Florida Department of Corrections' website: Jackson Correctional Institution, 5563 - 10th St., Malone, FL 32445 (*see* www.dc.state.fl.us).

And it is respectfully RECOMMENDED:

That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 4) be DENIED and the Clerk be directed to close the file.

At Pensacola, Florida, this 25th day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).